* * * * * * * * * * *
This matter was reviewed by the Full Commission on March 2, 2010 upon the appeal of defendants from an Opinion and Award by Deputy Commissioner George T. Glenn filed on October 20, 2009. This case was initially heard before the Deputy Commissioner on March 25, 2009 in Asheboro, North Carolina. The depositions of Dr. Anne Alexander, Dr. Hao Wang, Dr. T. Kern Carlton, III, Dr. Frank J. Rowan, Sara Carter Spencer, Allen C. Eberhardt, April Haley, Cedrick Poteat, Deborah D. Wysosky, Marvin Nimmons and Dennard Centry are a part of the evidence of record.
 * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All the parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case.
2. All parties are bound by and subject to the North Carolina Workers' Compensation Act.
3. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
4. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times herein.
5. At all relevant times, defendant-employer was insured for workers' compensation purposes by CNA Claims Plus.
6. Plaintiff's average weekly wage is $662.65 per week, yielding a weekly compensation rate of $441.79.
7. The issues before the Full Commission on appeal are whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer and if so, to what, if any benefits is plaintiff entitled to recover under the North Carolina Workers' Compensation Act. Also before the Full Commission is whether plaintiff is entitled to attorney's fees, and/or whether sanctions should be imposed upon defendants.
8. The following exhibits were stipulated into evidence:
 a Plaintiff's Exhibit 1: letter from ESC
 b Plaintiff's Exhibit 2: plaintiff's August 31, 2006 physical exam
 c. Plaintiff's Exhibit 3: job description for forklift driver
 d. Plaintiff's Exhibit 4: safety rules *Page 3 
 e. Plaintiff's Exhibit 5: accident/incident report of December 20, 2007
 f. Plaintiff's Exhibit 6: plaintiff's time card for February 11, 2008
 g. Plaintiff's Exhibit 8: February 22, 2008 letter to plaintiff from Dolly Wicker, Claims Specialist
 h. Plaintiff's Exhibit 9: April 1, 2008 letter to plaintiff from Ms. Wicker.
 i. Stipulated Exhibits: plaintiff's medical records and Industrial Commission forms
 * * * * * * * * * * *
Based upon all the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was fifty-five years old with an eleventh grade education.
2. Plaintiff began working for defendant-employer on or about August 30, 2006 as a forklift driver in a warehouse owned by Proctor Gamble.
3. On December 20, 2007, plaintiff was driving a forklift moving a load in the warehouse. Plaintiff's supervisor called out to him, so plaintiff stopped the forklift he was driving to see what his supervisor wanted. After stopping his forklift, plaintiff's forklift was struck by another forklift operated by Cedric Poteat. Although plaintiff was wearing a seatbelt, the impact jarred plaintiff back in his seat and then bounced him forward in the seat. The accident was witnessed by plaintiff's supervisors, Marvin Nimmons and Dennard Centry, who were about thirty five feet from the incident when it happened. *Page 4 
4. Mr. Poteat, the other forklift driver, completed an incident report on December 20, 2007. Mr. Poteat indicated that the pallet on plaintiff's forklift was crushed and that some of the boxes on top of it also were damaged as a result of the accident.
5. Mr. Nimmons, plaintiff's supervisor, completed an accident report on December 20, 2007. Mr. Nimmons stated that plaintiff stopped his forklift when Mr. Centry called him to the dock desk. Mr. Nimmons also reported that Mr. Poteat was following too close and therefore was not able to stop the forklift he was operating causing him to strike plaintiff's forklift, damaging the product on plaintiff's forklift. Defendants admitted that the accident occurred but denied that plaintiff sustained an injury from the accident.
6. Plaintiff began to experience back pain following the accident of December 20, 2007. Plaintiff continued to work while taking over the counter medication to control his pain.
7. On February 15, 2008, plaintiff was loading a truck at work and while pushing and hauling pallets he felt a sharp pain in his back which radiated into his right leg. Plaintiff reported this incident to his supervisor, Mr. Nimmons. Plaintiff was allowed to go home due to the pain. Plaintiff has not been able to return to work since this incident.
8. On February 17, 2008, plaintiff was treated at Prime Care. Plaintiff complained of back pain at that time of one month and recalled the forklift he was operating being hit by another forklift at work. February 29, 2007, plaintiff was also evaluated at Urgent Medical Family Care, when he was referred to Dr. Hao Wang, a specialist in physical medicine, rehabilitation and pain medicine.
9. On March 4, 2008, plaintiff was first evaluated by Dr. Wang and complained of low back pain. Dr. Wang opined that plaintiff's pre-existing degenerative back condition was *Page 5 
aggravated by the work accidents of December 20, 2007 and February 15, 2008. Dr. Wang further indicated that plaintiff has not been able to work since he started treating plaintiff.
10. Dr. Wang referred plaintiff for an MRI which was done on March 7, 2008, and which showed degenerative disc disease at L5-S1 with annular disc bulging and broad-based disc protrusion on the right causing nerve root encroachment. The MRI also showed mild foraminal and central stenosis at L4-5.
11. Dr. Wang treated plaintiff with a series of medial branch blocks and epidural steroid injections which resulted in no improvement to plaintiff's condition. At plaintiff's last visit on June 25, 2008, Dr. Wang suggested plaintiff undergo a discogram.
12. On October 13, 2008, plaintiff was evaluated by Dr. Kern Carlton at The Rehab Center. Dr. Carlton agreed with Dr. Wang's opinion. Dr. Carlton opined that plaintiff sustained an aggravation of a pre-existing condition and that, because plaintiff did not have any pain until after the accidents, the accidents caused plaintiff's low back pain. Dr. Carlton stated that plaintiff is in need of additional treatment, including a referral to a spine surgeon and physical therapy. Dr. Carlton indicated and the Full Commission finds that plaintiff has not reached maximum medical improvement.
13. Dr. Frank Rowan reviewed plaintiff's medical records and accident analysis information. Dr. Rowan did not personally evaluate plaintiff. Dr. Rowan partly relied on the opinion of Allen Eberhardt, an expert in accident reconstruction, to arrive at his opinion as to the damage that was caused in the accident. Dr. Rowan did not believe the work accidents caused plaintiff's injury or aggravated plaintiff's injury. Dr. Rowan does not agree with Dr. Wang or Dr. Carlton about the cause of plaintiff's medical problems. *Page 6 
14. Mr. Allen Eberhardt performed an accident analysis of the forklift accident. Mr. Eberhardt did not view the actual equipment or product that was involved in the accident. Mr. Eberhardt obtained his information from Mr. Poteat, Mr. Nimmons and Mr. Centry, as to their recollection of the speed of the forklifts and damage that was done to the pallets and product on the pallets. Mr. Eberhardt did not talk with plaintiff about his recollection of the speed of the forklifts or the amount of damage that was done to the forklifts, pallets and product.
15. The Full Commission gives greater weight to the opinions of Dr. Wang and Dr. Carlton, than to the opinions of Dr. Rowan and Mr. Eberhardt. The Full Commission finds that plaintiff sustained specific traumatic incidents on December 20, 2007 and February 15, 2008, which aggravated his pre-existing degenerative back condition.
16. As the result of the injuries on December 20, 2007 and February 15, 2008, plaintiff was disabled and unable to earn wages in any employment beginning February 15, 2008, and continuing. No doctor has released plaintiff to return to work and plaintiff continues to experience back pain, with pain and numbness radiating into his legs and feet. Plaintiff has been unable to financially afford medical treatment, other than what he receives at a free health clinic.
17. Defendants' denial of these claims was not unreasonable.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On December 20, 2007 and February 15, 2008, plaintiff sustained injuries by accident arising out of and in the course of his employment with defendant-employer in that he *Page 7 
sustained specific traumatic incidents of the work assigned. N.C. Gen. Stat. § 97-2(6). As a direct result of his injuries by accident, plaintiff sustained physical injuries that include aggravation of his pre-existing lower back problems. N.C. Gen. Stat. § 97-2(6).
2. In order to meet the burden of proving disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury.Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v.Perdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001);Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993) (citations omitted). When a plaintiff meets his burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms., Inc., supra.
3. In the instant case, plaintiff met his initial burden to show that he is disabled. The greater weight of the medical evidence shows that as the result of the work-related injuries by accident, plaintiff is physically incapable of work in any employment.Russell v. Lowes Product Distribution, supra. *Page 8 
4. Defendants have not shown that suitable jobs are available for plaintiff and that plaintiff is capable of obtaining a suitable job, taking into account plaintiff's physical, mental and vocational limitations. Demery v. Perdue Farms, Inc., supra.
5. As a result of plaintiff's injuries, he was disabled and is entitled to have defendants pay ongoing total disability compensation at a rate of $441.79 per week for the period of February 15, 2008, and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29. Defendants are not entitled to any credit for any short or long term disability compensation plaintiff may have received. N.C. Gen. Stat. § 97-42.
6. As a result of his injuries, plaintiff is entitled to have defendants pay for all related medical treatment that is reasonably necessary to effect a cure, give relief, or lessen plaintiff's disability, including expenses associated with treatment provided by Dr. Wang, Prime Care and Dr. Carlton, or such treatment or referrals as they deem appropriate. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
7. Plaintiff is not at maximum medical improvement. Therefore, it is premature to consider assignment of a permanent partial impairment rating and that issue is reserved for future agreement of the parties or a subsequent hearing.
8. Defendants' denial of this matter was not unreasonable and therefore plaintiff is not entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 9 
1. Subject to the attorney's fees approved below, defendants shall pay to plaintiff total disability benefits at the rate of $441.79 per week beginning February 15, 2008 and continuing thereafter until such time as plaintiff returns to work earning the same or greater wages as he was earning at the time of his compensable injury or until further Order by the Commission.
2. Defendants shall pay all related medical expenses incurred or to be incurred by plaintiff as a result of his injury by accident, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability. The approved medical care includes, but is not limited to treatment by Dr. Hoa Wang and Dr. Ken Carlton.
3. A reasonable attorney's fee in the amount of 25% of the lump sum payment due plaintiff in Paragraph 1 above shall be deducted and paid directly to plaintiff's counsel. Defendants shall also make every fourth ongoing total disability check due to plaintiff payable directly to plaintiff's counsel.
4. Any award for a permanent partial impairment rating is RESERVED for future determination, when plaintiff reaches maximum medical improvement. The parties may hereafter enter into an agreement on the rating or either party may request a subsequent hearing.
5. Defendants shall pay the costs of this action.
This 29th day of March 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1